IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES ANTHONY HUNTER | § | |
| v. | § | CIVIL ACTION NO. 6:23cv154 |
| OFFICER BOLLER, ET AL. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

The Plaintiff James Hunter, an inmate of the Smith County Jail proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants in Plaintiff's amended complaint are Smith County, the Smith County Sheriff's Department, Officers Boller, Mitchell, and Taylor, Sheriff Larry Smith, Dr. Gary White, and Turn Key Medical.

**I. The Plaintiff's Complaint**

Plaintiff's amended complaint (docket no. 9) is the operative pleading in the case. See *Montgomery v. Walton*, 759 F.App'x 312, 2019 U.S. App. LEXIS 880, 2019 WL 166016 (5th Cir., January 10, 2019), *citing King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (amended complaint supersedes the original and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading, which Plaintiff's amended complaint here does not). In his amended complaint, Plaintiff states that on November 18, 2022, he was being escorted from one part of the jail to another by Officers Mitchell and Taylor. He contends that the officers deliberately pounded the crown of his head into the doors of an elevator

and along its walls several times, causing him to sustain cervical spinal injuries requiring medical intervention and, ultimately, neck surgery.

In a separate incident, Plaintiff states that on January 17, 2023, he was laying on his bed with his hands behind his back and his feet crossed at the ankles, waiting for Officer Boller to be removed from his segregation cell. Officer Boller struck him in the neck with his fist and forearm multiple times, requiring surgical intervention for the discs in his neck.

Plaintiff states that Sheriff Larry Smith is the jail's primary office holder and is responsible for overseeing his personnel and ensuring that they do not abuse their powers. He says that Sheriff Smith is also responsible for making sure that the jail staff ethically uphold their duties to the public, including inmates. Furthermore, Plaintiff contends that Sheriff Smith's "failure to inspect / investigate and weed out those who violate the human rights of inmates and utilize excessive force against them also makes him liable for the maltreatment and injuries I sustained while being detailed in his jail."

Similarly, Plaintiff states that Smith County "by default" bears responsibility for the actions of those whom it charges with the responsibility to uphold laws or regulations and protect the rights of people who live throughout the county. Therefore, Plaintiff asserts that he holds the county accountable for the "brutality and excessive use of force" which was perpetrated against him by the jail staff. He also sues the Smith County Sheriff's Department, saying that the department is "primarily responsible for the actions of those (Mitchell, Taylor, and Boller) who violated my basic human rights by causing me harm by demonstrating excessive use of force against me." He says that each of his injuries illustrate the failures of the detention officers as well as the sheriff's department "to conduct themselves in a civil manner and not abuse the power they have been entrusted with as making up a correctional institution."

Plaintiff claims that starting around November 27, 2022, Dr. Gary White "improperly diagnosed, treated, and coordinated my medical care. In my opinion, he did not adequately prescribe the treatment/therapy and prescriptions that could have lessened or helped temporarily alleviate my

neck pain/discomfort which I sustained from the excessive use of force incident." He asserts that Dr. White "failed to properly diagnose and treat my neck injury in a way that could have lessened or alleviated my neck pain to some degree. For instance, he could have prescribed me better alternatives in the form of pain management and treatments in a timely manner."

In complaining of Turn Key Health, which provides medical care for the jail, Plaintiff says that around November 21, 2022, he began a series of verbal complaints to the jail medical clinic, and on November 27, he made written complains pertaining to his neck injury. He believes that his neck injury was not treated urgently or properly, and that it was not taken seriously by medical staff for some four months. Plaintiff maintains that "overall, I feel the medical treatment I received was inadequate and at times negligent."

Documents attached to Plaintiff's original complaint show that he was seen in Trinity Mother Francis Hospital on February 27, 2023 for a pre-operative evaluation. He was scheduled for a C3/C4 anterior fusion discectomy and fusion for cervical myelopathy, and his grievances and sick call requests indicate that this surgery was carried out on March 8, 2023. (Docket no. 1, pp. 47, 50, 51).

## II. Discussion

### A. General Screening Standards

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct.

1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* at 678.

A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability, or if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010), *citing Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 444 F.3d at 421.

The Fifth Circuit has explained that while *pro se* complaints are construed liberally, the court is still bound by the allegations of the complaint and is not free to speculate that the plaintiff "might" be able to state a claim if given yet another opportunity to amend the complaint. *Macias v. Raul A. (Unknown), Badge No. 153,* 3 F.3d 94, 97 (5th Cir. 1994). The court explained as follows:

> For example, if an IFP plaintiff, in amending his complaint through a response to a questionnaire, alleges in his response that he received inadequate medical care while incarcerated, we should not reverse the dismissal of the complaint on the basis that the plaintiff could possibly add facts that would demonstrate that he was treated with deliberate indifference in the medical care that he received. As another example, if an IFP prisoner asserts in the questionnaire response that he has been denied recreation time, we should not reverse dismissal on the ground that he might also be able to assert a claim that the denial was in retaliation for his having filed a grievance.

*Id*. at 97.

B. Application of the Standards to the Present Case

Plaintiff's allegations that Officers Mitchell, Taylor, and Boller used excessive force on him require further judicial proceedings. These officers will be required to answer the lawsuit.

Plaintiff's claim against Sheriff Smith consists primarily of a claim of supervisory liability. However, Sheriff Smith is not vicariously liable under §1983 under any theory of supervisory liability for any actions or omissions by his employees. *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 419 (5th Cir. 2017); *see also Iqbal*, 556 U.S. at 676 (government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*).

Instead, a supervisor may be held liable if he affirmatively participates in the acts causing a constitutional deprivation or implements unconstitutional policies which causally result in the constitutional injury. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). Plaintiff has not alleged any facts showing that Sheriff Smith affirmatively participated in acts causing a constitutional deprivation or implemented unconstitutional policies or customs resulting in a constitutional injury. *See Spiller v. City of Texas City, Texas Police Department*, 130 F.3d 162, 167 (5th Cir. 1997)(in order to satisfy the cause in fact requirement, the plaintiff must allege that the custom or policy

served as the moving force behind the constitutional violation at issue or that his injuries resulted from the execution of the policy or custom; the description of the policy or custom and its relationship to the underlying constitutional violation cannot be conclusory, but must contain specific facts). Plaintiff offers no specific facts concerning any alleged policies or customs, nor how these may have led to an alleged constitutional deprivation.

Plaintiff's assertion that Sheriff Smith's "failure to inspect / investigate and weed out those who violate the human rights of inmates and utilize excessive force against them also makes him liable for the maltreatment and injuries I sustained while being detailed in his jail" is simply an "unadorned, the-defendant-unlawfully-harmed-me accusation" consisting of a naked assertion devoid of further factual enhancement, and thus fails to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678. Even if this claim were interpreted as an allegation of failure to train or supervise, it is not sufficient to state a claim upon which relief may be granted. In order to hold a defendant supervisor liable on such a theory, "the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Brauner v. Coody*, 793 F.3d 493, 501 (5th Cir. 2015), *citing Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir. 1998).

In order for liability to attach based on an inadequate training claim, the plaintiff must allege with specificity how a particular training program is defective. *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005). Conclusory allegations of failure to train are not sufficient to set out a claim under 42 U.S.C. § 1983. *Yates v. Unidentified Parties*, 73 F.App'x 19, 2003 U.S. App. LEXIS 14998, 2003 WL 21744384 (5th Cir. 2003), *cert. denied*, 540 U.S. 1123, 124 S.Ct. 1081, 157 L.Ed.2d 920 (2004), *citing Spiller*, 130 F.3d at 167. Plaintiff's pleadings do not set out any specific facts in support of a failure to train claim, much less allege with specificity how a particular training program is defective.

Similarly, the Fifth Circuit has held that conclusory allegations of failure to supervise are insufficient to set out a constitutional claim. *Silva v. Moses*, 542 F.App'x 308, 2013 U.S. App. LEXIS 20101, 2013 WL 5450799 (5th Cir. 2013), *citing Roberts*, 397 F.3d at 292. Plaintiff does not set out any specific facts showing an actual failure to supervise, much less that any such failure amounted to deliberate indifference. *See also Bohannan v. Doe*, 527 F.App'x 283, 2013 U.S. App. LEXIS 11834, 2013 WL 2631197 (5th Cir. 2013), *citing Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (conclusory allegation of failure to adequately supervise and train does not plead a plausible cause of action even when generously read). To the extent Plaintiff raises a claim of failure to train or supervise against Sheriff Smith, he has not stated a claim upon which relief may be granted.

Plaintiff asserts that Smith County bears responsibility for the actions of those whom it charges with the responsibility to uphold laws or regulations and protect the rights of people who live throughout the county. Therefore, Plaintiff asserts that he holds the county accountable for the "brutality and excessive use of force" which was perpetrated against him by the jail staff. He says that the officers have privileges and powers granted to them by the county to uphold the law.

The liability of a municipality such as a county requires proof of three elements: (1) an official policy or custom; (2) promulgated by a municipal policymaker; (3) which was the "moving force" behind the violation of a constitutional right. *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Municipal liability under § 1983 cannot be predicated on respondeat superior. *Piotrowski*, 237 F.3d at 578. In other words, a county cannot be held liable simply because it employs a tortfeasor. *Bass v. Parkwood Hospital*, 180 F.3d 234, 244 (5th Cir. 1999).

Plaintiff has not alleged facts showing an official policy or custom, promulgated by a county policymaker, which was the moving force behind the violation of a constitutional right. Instead, his claim against Smith County is predicated upon the county's employment of alleged tortfeasors Mitchell, Taylor, and Boller. The Fifth Circuit has explained that in order to plead a policy or

custom, the specific policy or custom must be identified, and cannot be inferred merely because harm resulted from some interaction with a governmental entity. *See Ratliff v. Aransas County*, 948 F.3d 281, 285 (5th Cir. 2020). Plaintiff has not stated a claim upon which relief may be granted against Smith County.

Plaintiff also sues the Smith County Sheriff's Department, which is a sub-unit of Smith County and has no separate legal existence apart from the county. *See, e.g.*, *Chumley v. Smith County Sheriff's Office*, civil action no. 6:18cv336, 2019 U.S. Dist. LEXIS 1539, 2019 WL 108485 (E.D.Tex., January 4, 2019). As such, the Smith County Sheriff's Department cannot be sued in its own name unless Smith County has taken explicit steps to grant the Sheriff's Department jural authority. *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). Plaintiff does not allege, much less show, that Smith County has done so, meaning that the Sheriff's Department cannot engage in any litigation except in concert with the county itself. *Id.*; *see also Lancaster v. Harris County*, 821 F.App'x 267, 2020 U.S. App. LEXIS 21440 (5th Cir., July 10, 2020); *Goodnight v. Rains County Sheriff's Department*, civil action no. 6:13cv96, 2013 U.S. Dist. LEXIS 80946, 2013 WL 2551879 (E.D.Tex., June 10, 2013). Because the Smith County Sheriff's Department has no separate jural existence and is not a suable entity, Plaintiff has failed to state a claim upon which relief may be granted against it.

Plaintiff next sues Dr. Gary White, alleging that Dr. White "improperly diagnosed, treated, and coordinated my medical care." He says that in his opinion, the doctor did not adequately prescribe the treatment or therapy and prescriptions which could have lessened his neck pain, and that Dr. White failed to properly diagnose and treat my neck injury. For example, Plaintiff avers that Dr. White could have prescribed him "better alternatives" in the form of pain management and treatments in a timely manner.

The Fifth Circuit has held that deliberate indifference to a convicted inmate's serious medical needs could state a civil rights violation, but a showing of nothing more than negligence does not. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997); *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th

Cir. 1989). In order to show deliberate indifference, the prisoner must show (1) objective exposure to a substantial risk of serious harm, (2) the defendants had subjective knowledge of this substantial risk, (3) the defendants denied or delayed the prisoner's medical treatment despite their knowledge of this substantial risk, and (4) this denial of or delay in treatment resulted in substantial harm. *Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019).

Disagreement about the recommended medical treatment is generally not sufficient to show deliberate indifference. *Id.*; *see also Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006), *citing Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.")

Claims of negligence, medical malpractice, or that the treatment provided has not been as successful as the plaintiff would have liked are insufficient to set forth constitutional violations. *Gobert*, 463 F.3d at 346; *Norton*, 122 F.3d at 291. The fact that medical care given may not be the best that money can buy, or that a dose of medication may occasionally be forgotten, also does not amount to deliberate indifference to serious medical needs. *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992).

In *Domino v. TDCJ-ID*, 239 F.3d 752 (5th Cir. 2001), a prisoner expressed suicidal ideations and the psychiatrist returned him to his cell after a five-minute examination. The prisoner committed suicide two and a half hours later. The Fifth Circuit, in reversing a denial of summary judgment by the district court, stated as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* Furthermore, the decision whether to provide additional medical treatment "is a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1972). And, "the failure to alleviate a significant risk that [the official] should

have perceived, but did not," is insufficient to show deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

*Domino*, 239 F.3d at 756; *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

Plaintiff's allegations fail to show that Dr. White refused to treat him, ignored his intentionally treated him incorrectly, or engaged in any other conduct evincing a wanton disregard for any serious medical needs. Instead, his claim against Dr. White is founded on disagreement with the medical treatment provided and the belief that the doctor should have prescribed other treatments which Plaintiff believes would have been more effective. This is not sufficient to show deliberate indifference to serious medical needs. *Stewart*, 174 F.3d at 534; *see also Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020) (deliberate indifference cannot be inferred merely from a negligent or even a grossly negligence response to a substantial risk of serious harm." Plaintiff has failed to state a claim upon which relief may be granted against Dr. White.

Finally, Plaintiff sues Turn Key Health, the entity which provides medical care for the Smith County Jail. A private company which has been contracted to provide medical services for a county jail is treated as a municipal or local government entity for purposes of 42 U.S.C. §1983, and therefore claims against such a company are analyzed under *Monell. Kibbey v. Collin County Detention Facility*, civil action no. 4:21cv799, 2023 U.S. Dist. LEXIS 48331, 2023 WL 2598666 (E.D.Tex., March 1, 2023), *Report adopted at* 2023 U.S. Dist. LEXIS 47060, 2023 WL 2593152 (E.D.Tex., March 20, 2023); *see also Valdez v. Corrections Corp. of America*, 263 F.3d 161, 2001 U.S. App. LEXIS 16279, 2001 WL 802698 (5th Cir., June 5, 2001). Plaintiff has not alleged any policy or custom on the part of Turn Key Health which deprived him of a constitutional right. He has not stated a claim upon which relief may be granted against Turn Key Health.

## RECOMMENDATION

It is accordingly recommended that all of the Plaintiff's claims except for his claims concerning alleged uses of force by Officers Mitchell and Taylor on November 18, 2022, and by

10

Officer Boller on January 17, 2023 be dismissed without prejudice for failure to state a claim upon which relief may be granted. It is further recommended that all named Defendants except for Mitchell, Taylor, and Boller be dismissed from the lawsuit.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 1st day of May, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE