IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES ANTHONY HUNTER | § | |
| v. | § | CIVIL ACTION NO. 6:23cv154 |
| OFFICER BOLLER, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

The Plaintiff James Anthony Hunter, an inmate of the Smith County Jail proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff has filed a motion for a temporary restraining order saying that he is in fear for his life because he has filed grievances concerning the "verbal assaults, harassment, patronizing, threatening, and intimidating behavior of Defendant." He says that the county officials refuse to print out copies for him and complains that the lieutenant who signed off on the alleged uses of force forming the basis of the lawsuit has read all of his legal mail.

Plaintiff complains that he was told that he was not allowed to possess his property, which he still does not have as of August 1, 2023. He says that all of his family's phone numbers are restricted from when he tried to call them to complain about having a neck brace, and so he cannot call them on the jail phones.

Next, Plaintiff complains that he was put in a hot, filthy cell with feces in it. He says that he is sweating and he is afraid to eat the food. He is in solitary confinement, where he does not have access to the law library. When he asked Lt. Rhodes why he is in solitary, he was told "this is where you belong." The officers would not give him his Bible and want him to be escorted in handcuffs

and shackles. Plaintiff says that he has not hurt any officers in the jail and complains that he cannot call his daughter on her birthday because the number is restricted.

Plaintiff states that "as a transit pretrial detainee elsewhere," he was found incompetent to stand trial so he is on a long waiting list to go to a psychiatric hospital. He says that he is required to go to recreation alone and that the command staff will not speak to him because they tell him that they have nothing to say to him. His family is afraid to visit him and his criminal defense attorney is not taking his calls.

For relief, Plaintiff asks for appointment of counsel and for the Court to "order me free range to properly, fully and adequately be able to conduct full fledged construction of my claims to the full extent within the scope of the law."

A temporary restraining order serves the purpose of preserving the status quo and preventing irreparable harm until the Court can conduct a preliminary-injunction hearing. *See Granny Goose Foods Inc. v. Brotherhood of Teamsters and Auto Truck Drivers*, 415 U.S. 423, 439, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). The prerequisites for a preliminary injunction or temporary restraining order are: (1) the substantial likelihood that the moving party will prevail on the merits; (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm the injunction may do to the non-movant; and (4) the granting of the injunction will not dis-serve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). Preliminary injunctive relief is not granted unless the movant clearly carries the onerous burden of persuasion as to all of the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983).

In this regard, the Fifth Circuit has held that conclusory allegations are not sufficient to show entitlement to injunctive relief. *Lakedreams v. Taylor*, 932 F.2d 1103, 1007 (5th Cir. 1991); *see also Hancock v. Essential Resources, Inc.*, 792 F.Supp. 924, 926 (S.D.N.Y. 1992). Furthermore, the injury in question must be imminent and cannot be speculative. *Chacon v. Granata*, 515 F.3d 922, 925 (5th Cir. 1975); *Watson v. FEMA*, 437 F.Supp.2d 638, 648 (S.D.Tex. 2006).

Under the Prison Litigation Reform Act, prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the federal right of a particular plaintiff, and a prisoner may not obtain a preliminary injunction unless the court first finds such relief is narrowly drawn, extends no further than necessary to correct the harm the court finds requires preliminary relief, and is the least intrusive means necessary to correct the harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief and shall respect the principles of comity where state or local law is concerned. 18 U.S.C. §3626; *Nelson v. Campbell*, 541 U.S. 637, 649, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004).

Plaintiff has not shown a substantial likelihood of success on the merits of his claims, nor a substantial likelihood of irreparable injury if his requested injunctive relief is not granted. In addition, his request for relief seeks "free range" for him to be able to pursue his litigation. This request is fatally overbroad as well as undefined. An injunction must be specific in terms and describe in reasonable detail the act or acts sought to be restrained. Fed. R. Civ. P. 65; *see also John Doe #1 v. Veneman*, 380 F.3d 807, 818-19 (5th Cir. 2004) (requests for injunctive relief which are overbroad cannot be granted).

Nor has Plaintiff demonstrated that his requested injunction will not disserve the public interest. Aside from the vagueness of the request for relief, considerations of federalism weigh heavily against interference by federal courts through the issuance of preliminary injunctions against local governments. The Supreme Court has stated that correctional administrators are to be accorded wide-ranging deference in their adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security. *Block v. Rutherford*, 468 U.S. 576, 584-85, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984). Consequently, the Supreme Court explained that federal district courts are not to allow themselves to become "enmeshed in the minutiae of prison operations." *Lewis v. Casey*, 518 U.S. 343, 362, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), *citing Bell v. Wolfish*, 441 U.S. 520, 562, 99 S.Ct. 1861, 60 L.Ed.2d

447 (1979). Plaintiff has not shown the type of extraordinary circumstances required to justify federal interference with the day-to-day operations of a county jail, particularly in light of the fact the Court must give "substantial weight" to any adverse impact on the operation of the jail and must respect the principles of comity regarding state law. Consequently, Plaintiff's request for injunctive relief cannot be granted.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's motion for a preliminary injunction (docket no. 42) be denied.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 11th day of October, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE