UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00154

**James Anthony Hunter,**
*Plaintiff,*

v.

**Officer FNU Boller et al.,**
*Defendants.*

### ORDER

Plaintiff James Anthony Hunter, an inmate of the Smith County Jail proceeding pro se, filed this civil rights lawsuit complaining of alleged deprivations of his constitutional rights. The case has been referred to United States Magistrate Judge K. Nicole Mitchell.

Plaintiff filed a motion for a temporary restraining order saying that he fears for his life because he has filed grievances concerning threatening behavior of defendants. Doc. 42. He says that county officials will not print copies for him, and that the lieutenant who authorized the alleged conduct forming the basis of the lawsuit has read all of his legal mail. *Id.* at 1–2.

Plaintiff also claims that he is not allowed to possess his property, that his family's phone numbers are restricted so he cannot call them, that he was put into a cell with unlivable conditions, that he does not have access to the law library, that he is afraid to eat the food, that he has been denied contact with other inmates and command staff will not speak to him, that his family is afraid to visit him, and that his defense attorney is not taking his calls. Plaintiff asks for appointment of counsel and for the court to order that he receive "free range to properly, fully, and adequately be able to conduct full fledged construction of my claims to the full extent within the scope of the law." *Id.* at 4.

After review of the pleadings, the magistrate judge issued a report recommending that plaintiff's motion for injunctive relief be denied. Doc. 53. The magistrate judge determined that plaintiff did

not show a substantial likelihood of success on the merits or that he faced a substantial likelihood of irreparable injury if his requested injunctive relief was not granted. *Id.* at 3. The magistrate judge also concluded that plaintiff's request for injunctive relief was fatally overbroad as well as undefined and that plaintiff failed to show that his requested injunction would not disserve the public interest. *Id.* Plaintiff filed timely objections. Doc. 56.

    The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc).

    In his objections, plaintiff says that it is highly likely that he will prevail on the merits of his claims and that the maintenance of order and discipline should not be at the cost of his livelihood and welfare. Doc. 56. He contends that if he is assaulted again, he could be paralyzed, which is irreparable. Plaintiff asserts that jail officials have threatened him with pepper spray, refused to send out his mail, and read his incoming mail before he receives it. He complains that the court tells him he can present matters well enough on his own, but then denies his motion because he did not present matters properly. Plaintiff says that he is not allowed to file criminal charges on his own, which he argues is unfair. *Id.*

    Plaintiff's assertions that he is likely to prevail on the merits of his claims and that he faces a substantial likelihood of irreparable injury are speculative and conclusory, and they thus cannot sustain a motion for injunctive relief. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Plaintiff did not address the magistrate judge's conclusions that his requested relief was overbroad and that he failed to show his requested injunctive relief would not disserve the public interest. *See* 18 U.S.C. § 3626. The magistrate judge correctly determined that plaintiff's request for injunctive relief lacked merit.

    Having reviewed the magistrate judge's report and plaintiff's objections de novo, the court overrules plaintiff's objections and

accepts the findings and recommendations of the magistrate judge's report. Accordingly, plaintiff's motion for a temporary restraining order (Doc. 42) is denied.

*So ordered by the court on February 2, 2024.*

J. CAMPBELL BARKER
United States District Judge