IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES ANTHONY HUNTER | § | |
| v. | § | CIVIL ACTION NO. 6:23cv154 |
| OFFICE BOLLER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff James Anthony Hunter, an inmate of the Smith County Jail proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. This Report concerns the motion for summary judgment filed by the Defendants Mitchell, Taylor, and Boller.

**I. The Plaintiff's Complaint**

Plaintiff's amended complaint (docket no. 9) is the operative pleading in the lawsuit. In his amended complaint, Plaintiff states that on November 18, 2022, while he was being escorted from one part of the jail to another, with his hands cuffed behind his back, Officers Mitchell and Taylor deliberately pounded the crown of his head into the doors of an elevator and along its walls several times. He says that as a result, he required medical intervention, which revealed that he had spinal injuries ultimately requiring surgery.

On January 17, 2023, Plaintiff says that he was laying on his bed "fully demonstrating compliance with my hands behind my back and my feet crossed at the ankles, awaiting to be escorted from his segregation cell. While he was in that position, Plaintiff states that Boller struck him in the neck with his fist and forearm more than once. According to Plaintiff, this incident

required him to have immediate surgical intervention involving discs in his neck which were protruding out of place or from their natural alignment.

Plaintiff's original complaint included documentation showing that he was seen at Mother Frances Hospital on February 27, 2023, with cervical myelopathy, and he was scheduled for a C3/4 anterior cervical discectomy and fusion with SSEPS with Dr. N. Andrade on March 8, 2023. A grievance form from Plaintiff dated March 16, 2023 indicated that this surgery was in fact performed on March 8.

## II. The Defendants' Motion for Summary Judgment

In their motion for summary judgment, the Defendants state that on November 18, 2022, Officer Mykayla Wideman was performing head count when Plaintiff came to the vestibule and complained that his tray had been thrown away. Officer Justin Mitchell heard raised voices and went to the area to provide additional officer presence. He saw Officer Wideman in the vestibule trying to keep Plaintiff from pushing past her and exiting the pod. Officers Mikayla Powers and Dalton Taylor also came to the scene. Plaintiff demanded to speak to a supervisor about food and blankets, and Sgt. Barnett called over the emergency speaker and told Plaintiff to go to the back speaker to talk, but Plaintiff did not comply.

The Defendants state that Mitchell repeatedly ordered Plaintiff to step out of the doorway and back into the dayroom, but Plaintiff refused to comply. Instead, Plaintiff continued to try to force his way out of the cell and into the vestibule. Mitchell stepped forward and pushed Plaintiff back into the dayroom with an open hand on Plaintiff's chest.

Officer Powers was in the cell and the Defendants state that she tried to leave, but Plaintiff moved back into the vestibule and shouldered Powers aside, preventing her from leaving the cell. Mitchell again pushed Plaintiff back into the cell to allow Powers to leave. Powers was able to squeeze past Plaintiff into the vestibule, and Plaintiff tried to force his way out of the cell. He became aggressive with Mitchell and grabbed the bars of the cell door and hooked his leg around the gate to keep the officers from moving him back.

The Defendants state that Mitchell and Taylor tried to place Plaintiff in handcuffs but Plaintiff was non-compliant and continued to block the vestibule. Wideman unhooked Plaintiff's leg and Powers tried to push him out of the vestibule. Mitchell placed handcuffs on Plaintiff's left wrist and pulled Plaintiff's hand off the bars and behind his back. Plaintiff tried to pull his hand away. Taylor sought to place Plaintiff's right hand in the cuffs, but Plaintiff grabbed his jumper and prevented the officers from restraining him. Wideman initiated a "code red" while Plaintiff continued to refuse to comply.

Additional officers arrived and Plaintiff was taken to the ground and secured in restraints. Once he was secured, he was lifted to his feet and escorted out of the cell. Sgt. Bradam told the officers to take him to the clinic for evaluation. The medical personnel determined that he had no apparent injuries and cleared him to be rehoused. Medical personnel ordered an X-ray which Plaintiff refused. However, a later X-ray showed no remarkable notations. Plaintiff subsequently received a disciplinary case, to which he pleaded guilty.

As summary judgment evidence, the Defendants offer incident reports written by Officers Wideman, Mitchell, Powers, Taylor, and Bradam, an email from Sgt. Bradam to the jail administration describing the incident, a medical request from Plaintiff describing the incident, to which the response noted that Plaintiff had refused his X-ray and asking if he wanted the X-ray now, a grievance filed by Plaintiff which was denied with the notation that the incident had been reviewed and cleared by jail staff, an appeal of this grievance which was denied by Captain Martin, another grievance which was denied with the notation that the use of force was reviewed and cleared, with a comment that X-rays had been taken and there was no remarkable notations by the doctor, and a copy of the disciplinary case and hearing result.

Plaintiff's medical request stated that he was in handcuffs behind his back when the officer lifted his arms up, causing him to lean forward. The officer rammed the crown of his head into the steel doors in the hallway and again into the wall in the back of the elevator during the escort to the medical department. Plaintiff said that his arm was broken in an attempt to have the officer alleviate

3

the pressure, and so the medical department ordered an X-ray. He refused because his arm was mobile, but several days later he began noticing severe pain in his neck. The nurse told him that it was not broken because he was standing, but he would like to be assessed.

Plaintiff's grievance stated that Mitchell tried to place hand restraints on him and then grabbed him by the genitals and threw him to the ground. After handcuffing him, Plaintiff said that Mitchell had his arms lifted with too much force, causing him to lean forward, and rammed the crown of his head into the steel door and elevator walls. He said that he received X-rays for neck injuries and that he has spinal stenosis because excessive force was used.

The Defendants' motion for summary judgment does not address the claim of excessive force in January of 2023 and contains no reference to Officer Boller.

### III. Plaintiff's Response to the Motion for Summary Judgment

Plaintiff states that he does not know how to properly respond to a motion for summary judgment and he does not have counsel. He argues that the Defendants are not entitled to qualified immunity because they violated his clearly established rights. He states that the facts, taken in the light most favorable to him, show a violation of his rights which would have been known to a reasonable person. Plaintiff also argues that the use of force caused him to suffer some harm.

### IV. Discussion

Summary judgment is properly granted only when, viewing the evidence in the light most favorable to the non-moving party, the movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Ellis v. Garza-Lopez*, slip op. no. 23-10022, 2023 U.S. App. LEXIS 13305, 2023 WL 3723634 (5th Cir., May 30, 2023); *Burleson v. Texas Department of Criminal Justice*, 393 F.3d 577, 589 (5th Cir. 2004). If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial. *Id., citing Allen v. Rapides Parish School Board*, 204 F.3d 619, 621 (5th Cir. 2000). However, summary judgment disposition is inappropriate if the evidence before the Court, viewed

as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987).

In *Falcon v. Holly*, civil action no. 5:09cv66, 2011 U.S. Dist. LEXIS 160429, 2011 WL 131512842 (N.D.Tex., July 8, 2011), *vacated and remanded* 480 F.App'x 325, 2012 U.S. App. LEXIS 13602, 2012 WL 2579926 (5th Cir., July 3, 2012), the prisoner complained that he asked to see the psychiatrist but the defendant officer said no and told him to sit down. The prisoner refused to obey the order. The officer pulled the prisoner out of the dayroom, refused to allow him to see a ranking officer, pulled him to the ground, and punched him.

The defendant filed a motion for summary judgment arguing that he was entitled to summary judgment because there was a clear need for the use of force after the prisoner's request for a psychiatrist was denied and he refused the orders to sit down and to return to his cell. The defendant included as evidence an affidavit from the warden, an affidavit from the defendant, statements by the prisoner, records pertaining the use of force investigation, and excerpts from the prisoner's medical records. The prisoner filed a response to the motion repeating his claims and stating that the use of force was needless because he was attempting to cooperate with the order given, meaning there was a disputed issue of fact.

The district court determined that the prisoner had not furnished any competent summary judgment evidence sufficient to demonstrate that a genuine issue of material fact remains for trial. The district court also characterized the prisoner's claims as conclusory.

On appeal, the Fifth Circuit held that the district court erred in finding that the prisoner did not present any evidence to support his allegations, observing that the verified complaint and other verified pleadings serve as competent summary judgment evidence. *See Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003). The Fifth Circuit also determined that the district court improperly credited the defendant's version of events, stating that the prisoner's credibility was not an issue appropriate for determination on summary judgment. *Tarver v. City of Edna*, 410 F.3d 745, 753 (5th Cir. 2005).

The Defendants here argue that the summary judgment evidence shows that the force used against Plaintiff was not malicious and sadistic for the very purpose of causing harm, reiterating their version of the facts. They state that Plaintiff's amended complaint "offers a very different version of events" but contend that "this version of events is not supported by the summary judgment evidence in this case." However, the Defendants fail to note that Plaintiff's amended complaint, which was sworn under penalty of perjury, is itself summary judgment evidence. *Hart*, 343 F.3d at 765; *Hicks v. Perry*, slip op. no. 22-40755, 2024 U.S. App. LEXIS 3506, 2024 WL 512588 (5th Cir., February 9, 2024).

Defendants in effect ask that the Court credit their version of events over that of Plaintiff. This is not a proper function for summary judgment. *Tarver*, 410 F.3d at 753; *Sanchez v. Fraley*, 376 F.App'x 449, 2010 U.S. App. LEXIS 9046, 2010 WL 1752123 (5th Cir., April 30, 2010). The Defendants' motion for summary judgment concerning the November 18, 2022 incident is without merit.

Although the Defendants seek summary judgment on behalf of Officer Boller with respect to the January 17, 2023 incident, their motion provides no argument concerning this incident, nor does any of the summary judgment evidence provided by the Defendants mention it; all of the documents attached to the Defendants' motion refer to the November 18, 2022 incident. Instead, the motion simply asserts that Officer Boller's conduct was reasonable and that he, Mitchell, and Taylor did not strike Plaintiff, pepper spray him, or use a taser on him. This conclusory assertion is not sufficient to support summary judgment.

The Defendants also invoke their entitlement to qualified immunity. The Fifth Circuit has explained that the doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Crane v. City of Arlington*, 50 F.4th 453, 463 (5th Cir. 2022). When a defendant official moves for summary judgment on the basis of qualified immunity, the burden shifts to the plaintiff, who must then rebut the defense by establishing a genuine fact issue as to whether

the officials' allegedly wrongful conduct violated clearly established law; however, all facts must be viewed in the light most favorable to the non-movant and all justifiable inferences must be drawn in his favor. *Id; Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018).

The evidence in this case, viewed in the light most favorable to the Plaintiff, shows that on November 18, 2022, Officers Mitchell and Taylor were taking Plaintiff from one part of the jail to another. Plaintiff was in handcuffs. Mitchell raised Plaintiff's arms up, causing him to lean forward, and then he and Taylor rammed Plaintiff's head into the door and wall of an elevator multiple times. Any reasonable jailer would know that this conduct, if proven, would violate the clearly established constitutional rights of a jail inmate. *See, e.g., Fennell v. Quintela*, 393 F.App'x 150, 2010 U.S. App. LEXIS 17867 (5th Cir., August 25, 2010), *citing Clark v. Gonzalez*, slip op. no 96-4116, 1997 U.S. App. LEXIS 41885, 1997 WL 681275 (5th Cir., October 23, 1997) (slamming prisoner into the wall was excessive force when prisoner was handcuffed and posed no threat).

Likewise, viewed in the light most favorable to Plaintiff, the evidence shows that on January 17, 2023, Plaintiff was laying on his bed with his hands behind his back and his feet crossed at the ankles waiting for an escort when Officer Boller struck him in the neck with his fist and forearm multiple times. A reasonable jailer would know that such conduct, if proven, would violate Plaintiff's clearly established constitutional rights. The existence of these factual disputes preclude the entry of summary judgment or a determination that the Defendants are entitled to qualified immunity.

## RECOMMENDATION

It is accordingly recommended that the Defendants' motion for summary judgment (docket no. 45) be denied.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 1st day of April, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE